UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ASTA FUNDING II, AS SUCCESSOR IN INTEREST TO BANK ONE, | * * * * | CIV. 05-4125 |
| Plaintiffs, | * * | |
| | * * | MEMORANDUM OPINION AND ORDER FOR REMAND |
| vs. | * * | |
| TIMOTHY R. DYKSTRA, | * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Timothy R. Dykstra, filed and served a pro se Notice of Removal of a state court action pursuant to 28 U.S.C. § 1446. Dykstra contended in his notice that diversity of citizenship exists and that the "contract or agreement Plaintiffs seek to enforce is governed by federal law." Dykstra, in his Notice of Removal, specifically referred to the applicability of the National Bank Act, Fair Debt Collection Practices Act and the Declaratory Judgments Act. The complaint in this action, however, makes no reference to federal law. Furthermore, the complaint requests judgment in the sum of $12,049.89 plus interest, costs and disbursements. The complaint also states Asta Funding II as successor in interest to a regulated lender is entitled to attorney fees. The complaint does not state a statutory basis for attorney fees or the amount of attorney fees sought by the Plaintiff.

Dykstra has now filed a pro se motion entitled "Defendant's Motion for Joinder of Party to Removal and Notice – FRCP 19)a); 28 U.S.C § 1446." It appears from the pleadings that Dykstra intended to remove another State court action in which he is a defendant to federal court and join it with the above-entitled action because the case "should be considered to be an extension of the original removal action filed with this court last August." The more recent State court action seeks judgment against Dykstra in the sum of $2, 658.33 plus interest, costs and disbursements. The more recent State court action makes no reference to federal law.

A civil action brought in a State court is removable to federal court under 28 U.S.C. § 1441 if it is an action "of which the district courts of the United States have original jurisdiction." This

Court has an obligation to raise the issue of subject- matter jurisdiction *sua sponte*. See *Andrus v. Charlestone Stone Products Co., Inc.*, 436 U.S. 604, 608 n. 6 (1978); *Crawford v. F. Hoffman-La Roche LTD.*, 267 F.3d 760, 764 n. 2 (8th Cir. 2001). Neither State court complaint raises either a federal question under 28 U.S.C. § 1331 or pleads an amount of controversy of $75,000 which is required to maintain a diversity action in federal court under 28 U.S.C. § 1331. Although Dykstra may be relying on federal law as a defense to the State court actions, removal cannot be maintained where the defendant sets up a federal right as a defense to a nonfederal claim. *Milligan v. Milligan*, 484 F.2d 446 (8th Cir. 1973). Because the State court actions are not federal claims this Court must remand them to State court.

Accordingly,

IT IS HEREBY ORDERED:

(1) that the complaints in the above action are remanded to the Second Judicial Circuit, South Dakota State Court; and

(2) the Motion for Joinder (Doc. 5) is denied as moot.

Dated this ___ day of April, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

2